1  C. Anthony Mulrain, *pro hac vice* pending
   email amulrain@gordonrees.com
2  GORDON & REES LLP
   The Pinnacle Building, 5th Floor
3  Atlanta, Georgia 30326
   tel (404) 869-9054 / fax (678) 389-8475
4
   Richard P. Sybert, CA Bar No. 80731
5  email rsybert@gordonrees.com
   Yuo-Fong C. Amato, CA Bar No. 261453
6  email bamato@gordonrees.com
   GORDON & REES LLP
7  101 W. Broadway, Suite 1600
   San Diego, California 92101
8  tel (619) 696-6700 / fax (619) 696-7124

9  Attorneys for Plaintiff
   CHRISTOPHER W. BOSH
10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13
   CHRISTOPHER W. BOSH, an individual,    CASE NO. CV11-03782 DMG(PJW)
14
                        Plaintiff,         COMPLAINT FOR:
15         vs.
                                           (1)  **Trademark Infringement**
16  SHED MEDIA US INC., a Delaware              **[15 U.S.C. § 1125(a)];**
   corporation; and ALLISON M. MATHIS,    (2)  **Trademark Dilution**
17  an individual; and DOES 1 through 10,       **[15 U.S.C. § 1125(c)];**
   inclusive,                             (3)  **False Advertising**
18                                              **[15 U.S.C. § 1125(a)];**
                        Defendants.        (4)  **False Endorsement**
19                                              **[15 U.S.C. § 1125(a)];**
                                           (5)  **California Common Law**
20                                              **Misappropriation of**
                                                **Likeness and Right of**
21                                              **Publicity;**
                                           (6)  **Misappropriation of**
22                                              **Likeness and Right of**
                                                **Publicity**
23                                              **[Cal. Civ.Code § 3344];**
                                           (7)  **Conversion;**
24                                         (8)  **Intrusion;**
                                           (9)  **Public Disclosure of**
25                                              **Private Facts;**
                                           (10) **Unfair Competition**
26                                              **[Cal. Bus. & Prof. Code**
                                                **§ 17200];**
27                                         (11) **Unjust Enrichment.**
28

                              -1-
─────────────────────────────────────────────
          COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER W. BOSH ("Plaintiff" or "Bosh") for his Complaint alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff seeks damages and an injunction to prevent Defendants SHED MEDIA US INC. ("SHED MEDIA"), ALLISON M. MATHIS ("MATHIS"), and DOES 1 through 10, inclusive (collectively, "Defendants") from infringing and diluting Plaintiff's trademarks, disseminating false advertising in commerce, misappropriating Plaintiff's name and/or likeness, violating Plaintiff's right of publicity, falsely claiming endorsement by Plaintiff, converting Plaintiff's life rights; intruding into Plaintiff's private affairs; publicly disclosing Plaintiff's private facts; engaging in unfair competition practices; and unjustly enriching themselves at Plaintiff's expense.

## PARTIES

2.     Plaintiff is a resident of Dallas County, State of Texas.

3.     On information and belief, Defendant SHED MEDIA is a Delaware corporation with its principal place of business at 3800 Barham Boulevard, Suite 410, Los Angeles, California 90068.

4.     On information and belief, Defendant MATHIS is a resident of Orange County, State of Florida.

5.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained.

6.     Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, each Defendant was the agent of its co-defendants, and in doing the acts alleged herein was acting within the course and scope of such agency, and/or aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

-2-
COMPLAINT AND DEMAND FOR JURY TRIAL

**JURISDICTION AND VENUE**

7.     Jurisdiction of these claims arise under the trademark laws of the United States as set forth in the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), and 28 U.S.C. § 1338(a) (trademarks). This Court also has supplemental jurisdiction over the state law claims.

8.     As to diversity jurisdiction, there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

9.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial portion of the events giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS**

10.     Plaintiff is a professional athlete who plays basketball for the National Basketball Association ("NBA") team Miami Heat. Plaintiff is one of the most renowned players in the NBA.

11.     Plaintiff is the natural father of T.M.B., a minor ("the Minor Child").

12.     Defendant MATHIS is the natural mother of the Minor Child.

13.     On information and belief, Defendant MATHIS has been hired to star in the third season of a VH1 reality television show titled "Basketball Wives," which is produced by Defendant SHED MEDIA.

14.     Though the reality television show is titled "Basketball *Wives*" (emphasis added), the featured women in the show are not the current wives of NBA players. Instead, the show follows the lives of women who are *dating*, or who *dated*, NBA basketball players, or who were *formerly* married to NBA players; and, thus, provides these women with a vehicle and worldwide platform to use, without permission or authorization, the names and/or likenesses of famous NBA professional basketball players they know on a personal level for their own commercial gain.

15.     On information and belief, Defendant SHED MEDIA sought Defendant MATHIS' participation in its show "Basketball Wives," primarily based on Defendant MATHIS's prior personal relationship with Plaintiff and current relationship with Plaintiff as mother of the Minor Child, and thus to use Plaintiff's name and/or likeness for commercial gain, without Plaintiff's authorization.

16.     Defendant MATHIS is attempting to promote her own commercial brand and become a television personality and/or celebrity by exploiting (a) her former relationship with Plaintiff, (b) the fact that Plaintiff is the father of the Minor Child, (c) Plaintiff's name and/or likeness for commercial gain.  Defendant SHED MEDIA also intends to profit from Defendant MATHIS's exploitation as described herein.

17.     The use of Plaintiff's name by Defendants is primarily commercial and not communicative.  Further, the show "Basketball Wives" is not transform-ative, but rather the use, depiction or imitation of celebrity NBA professional basketball players, including Plaintiff, is the very sum and substance of the show.

18.     As Defendants' uses of Plaintiff's name and/or likeness and trade-marks amount to little more than the appropriation of Plaintiff's and or Plaintiff's trademarks' economic value, Defendants' uses do not amount to protected expression under the First Amendment.  Defendants are not "expressing" anything other than their attempt to profit from Plaintiff's fame.

19.     In a good faith effort to avoid legal proceedings, Plaintiff's counsel contacted Defendant MATHIS's counsel regarding her participation in the "Basketball Wives" reality show, but her counsel not only confirmed but emphasized Defendant MATHIS's intended continuing participation in the show.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement, 15 U.S.C. § 1125(a))

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

-4-

21.     Plaintiff is the owner of valid, distinctive marks in CHRISTOPHER W. BOSH, CHRISTOPHER BOSH, and CHRIS BOSH (and any variants sufficient to identify Plaintiff) (the "Marks") as to, *inter alia,* videos depicting events in Plaintiff's life and his involvement with young children, encouraging them to participate in after-school basketball programs.  Plaintiff offers these videos through YouTube (http://www.youtube.com/user/cboshtv?blend=1&ob=4) and receives a portion of advertising revenues from his YouTube page.  Through such usage and through extensive publicity and news coverage of Plaintiff's professional career and performance, the Marks have acquired distinctiveness and secondary meaning.  The Marks are strong and well-known and are entitled to a broad scope of protection.

22.     Further, Plaintiff's name, identity and persona serves as his trademark for purposes of, *inter alia,* endorsements.

23.     On information and belief, Defendants are using and/or have threatened to use the Marks in commerce in connection with the "Basketball Wives" show, and such use is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' show and/or services.  Defendants' use of the Marks has not been authorized by Plaintiff.  Viewers of the "Basketball Wives" show are likely to believe that Defendant MATHIS's involvement in the show indicates an affiliation, connection, association with, and/or sponsorship or approval of Plaintiff.  This is especially true because of the nature and title of the "Basketball Wives" show, the former relationship between Defendant MATHIS and Plaintiff, and the fact that at least one other NBA player has previously appeared on the show.

24.     As a result of Defendants' infringing acts, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests.  In addition, as a result of Defendant's infringing

1   acts, Plaintiff has suffered and will continue to suffer irreparable harm, and

2   Plaintiff has no adequate remedy at law with respect to this injury.  Unless

3   Defendants' infringing acts are enjoined by this Court, Plaintiff will continue to

4   suffer a risk of irreparable harm.

5        25.   On information and belief, Defendants' infringing acts have been

6   knowing, intentional, wanton, and willful, entitling Plaintiff to treble damages,

7   profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

8   <center>**SECOND CLAIM FOR RELIEF**</center>

9   <center>(Trademark Dilution, 15 U.S.C. § 1125(c))</center>

10       26.   Plaintiff incorporates by reference all of the above paragraphs of this

11  Complaint as though fully stated herein.

12       27.   Plaintiff is the owner of the Marks, which are famous and distinctive.

13       28.   On information and belief, Defendants are using identical or nearly

14  identical trademarks.

15       29.   Defendants' use began after Plaintiff's Marks became famous.

16       30.   Defendants' use of the Marks is likely to cause dilution by blurring or

17  tarnishment of the Marks, as, on information and belief, Defendant MATHIS has

18  made and will continue to make statements (which on information and belief will

19  be included in the show by Defendant SHED MEDIA) that will harm Plaintiff's

20  reputation and Marks.  On information and belief, these statements, which are

21  untrue, relate to Plaintiff's parenting skills in a negative manner, and therefore are

22  likely to undermine Plaintiff's Marks in association with videos that encourage and

23  promote basketball programs for children.

24       31.   As a result of Defendant's infringing and/or threatened acts, Plaintiff

25  has suffered and/or will continue to suffer irreparable harm, and Plaintiff has no

26  adequate remedy at law with respect to this injury.  Unless Defendants' acts are

27  enjoined by this Court, Plaintiff will continue to suffer a risk of irreparable harm.

28  ///

32.     On information and belief, Defendants willfully intended to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's famous Marks.  On information and belief, Defendant MATHIS would not be involved in the "Basket-ball Wives" show but for her prior relationship with Plaintiff and her willingness to harm Plaintiff's reputation.  Defendants' willfulness entitles Plaintiff to recover monetary damages believed to be in excess of $75,000, exclusive of costs and interests.  On information and belief, Defendants' acts have been knowing, intentional, wanton, and willful, and therefore Plaintiff is further entitled to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (False Advertising, 15 U.S.C. § 1125(a))

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     On information and belief, in commerce, (i) Defendant SHED MEDIA advertises its "Basketball Wives" show using the title of the show and touting the participation of Defendant MATHIS based on her relationship with Plaintiff; (ii) Defendant MATHIS also and independently advertises her services as a television personality by citing and referring to her involvement on the show "Basketball Wives" and her relationship with Plaintiff (all collectively, "Statements").  The Statements may or may not be literally true but in either event are likely to mislead or confuse consumers that Defendant MATHIS is either married to Plaintiff and/or has special insight into Plaintiff's current life.

35.     On information and belief, the Statements have actually deceived or have the tendency to deceive a substantial segment of Defendants' audience.

36.     On information and belief, said deception is material in that it is likely to influence consumers to watch the "Basketball Wives" show.  In fact, on information and belief, the entire premise of the show is to entice viewers and potential viewers to watch the program by suggesting or encouraging them to

1 believe that they may thus learn "insider" or confidential facts and information

2 about NBA players such as Plaintiff.

3      37.    As a result of Defendants' false advertising, Plaintiff has been injured

4 in an amount not yet fully determined, but believed to be in excess of $75,000,

5 exclusive of costs and interests.  In addition, as a result of Defendants' false

6 advertising, Plaintiff has suffered and will continue to suffer irreparable harm

7 through, without limitation, the loss of goodwill, and Plaintiff has no adequate

8 remedy at law with respect to this injury.  Unless Defendants' false advertising is

9 enjoined by this Court, Plaintiff will continue to suffer a risk of irreparable harm.

10      38.    On information and belief, Defendants' false advertising has been

11 knowing, intentional, wanton, and willful, entitling Plaintiff to treble damages,

12 profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

13 <div align="center">**FOURTH CLAIM FOR RELIEF**</div>

14 <div align="center">(False Endorsement, 15 U.S.C. § 1125(a))</div>

15      39.    Plaintiff incorporates by reference all of the above paragraphs of this

16 Complaint as though fully stated herein.

17      40.    Plaintiff's Marks are legally protectable and owned by Plaintiff.

18      41.    Defendants' use of the Marks, and of Plaintiff's identity and persona,

19 all as alleged above, constitutes or suggests an endorsement of the show

20 "Basketball Wives" by Plaintiff, which said endorsement is false and in violation

21 of 15 U.S.C. § 1125(a).  Plaintiffs are using or threatening to use Plaintiff's

22 celebrity identity in connection with their entertainment services and the products

23 advertised therein in such a way that consumers are likely to be misled about

24 Plaintiff's sponsorship or approval of said goods and services.

25      42.    As a result of Defendants' said false endorsement, Plaintiff has been

26 injured in an amount not yet fully determined, but believed to be in excess of

27 $75,000, exclusive of costs and interests.  In addition, as a result of Defendants'

28 false endorsement, Plaintiff has suffered and will continue to suffer irreparable

harm through, without limitation, the loss of goodwill, and Plaintiff has no adequate remedy at law with respect to this injury.  Unless Defendants are enjoined by this Court, Plaintiff will continue to suffer a risk of irreparable harm.

43.     On information and belief, Defendants' false endorsement has been knowing, intentional, wanton, and willful, entitling Plaintiff to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

**FIFTH CLAIM FOR RELIEF**

(California Common Law Misappropriation of Likeness and Right of Publicity)

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     Plaintiff owns an enforceable right in his own identity.

46.     Defendants, without permission, have used Plaintiff's identity or persona for commercial or business purposes in such a way that Plaintiff is identifiable from such use.

47.     Specifically, on information and belief, Defendants appropriated Plaintiff's name and/or likeness in association with the "Basketball Wives" reality show.

48.     On information and belief, Defendant MATHIS appropriated Plaintiff's name and/or likeness to her own advantage in her pursuit of being paid or achieving fame primarily through her connection to Plaintiff.

49.     On information and belief, Defendant SHED MEDIA appropriated Plaintiff's name and/or likeness to its advantage in drawing a larger audience through such appropriation.

50.     Plaintiff did not consent to Defendants' appropriation of Plaintiff's name and/or likeness.

51.     Such use by Defendants is likely to cause damage to the commercial value of Plaintiff's persona.

///

1      52.    As a result of Defendants' misappropriation, Plaintiff has been injured

2  in an amount not yet fully determined, but believed to be in excess of $75,000,

3  exclusive of costs and interests.  The damage suffered by Plaintiff includes without

4  limitation damage to reputation, personal feelings, and loss of publicity value.

5      53.    In addition, as a result of Defendants' misappropriation, Plaintiff has

6  suffered and will continue to suffer irreparable harm through, without limitation,

7  the loss of goodwill, and Plaintiff has no adequate remedy at law with respect to

8  this injury.  Unless Defendants' misappropriation is enjoined by this Court,

9  Plaintiff will continue to suffer a risk of irreparable harm.

10     54.    On information and belief, Defendants' misappropriation has been

11  knowing, intentional, wanton, and willful, entitling Plaintiff to treble damages,

12  profits, attorneys fees, and costs.

13                    **SIXTH CLAIM FOR RELIEF**

14     (Misappropriation of Likeness and Right of Publicity, Cal. Civ. Code § 3344)

15     55.    Plaintiff incorporates by reference all of the above paragraphs of this

16  Complaint as though fully stated herein.

17     56.    On information and belief, Defendant MATHIS knowingly

18  misappropriated Plaintiff's name and/or likeness and right of publicity in

19  association with her appearance and/or agreement to appear on "Basketball Wives"

20  reality show, which constitutes commercial sponsorship and/or advertisement as a

21  television personality/celebrity primarily through her relationship with Plaintiff

22  and her willingness to divulge details, whether true or false, regarding Plaintiff.

23     57.    On information and belief, Defendant SHED MEDIA knowingly

24  misappropriated or has threatened to misappropriate Plaintiff's name and/or like-

25  ness and right of publicity in connection with its "Basketball Wives" reality show.

26     58.    Plaintiff did not consent to Defendants' misappropriation of Plaintiff's

27  name and/or likeness and right of publicity.  Defendants knew or should have

28  known that their misappropriation of Plaintiff's name and/or likeness and right of

1 | publicity was not authorized by Plaintiff, as, *inter alia,* Plaintiff informed

2 | Defendant MATHIS, through her counsel, of Plaintiff's non-consent.

3 |     59.    As a result of Defendants said misappropriation, Plaintiff has been

4 | injured in an amount not yet fully determined, but believed to be in excess of

5 | $75,000, exclusive of costs and interests.  The damage suffered by Plaintiff

6 | includes without limitation damage to reputation, personal feelings, and loss of

7 | publicity value.  In the alternative, Plaintiff is entitled to statutory damages under

8 | Cal. Civ. Code § 3344(a).

9 |     60.    In addition, as a result of Defendants' said misappropriation, Plaintiff

10 | has suffered and will continue to suffer irreparable harm through, without

11 | limitation, the loss of goodwill, and Plaintiff has no adequate remedy at law with

12 | respect to this injury.  Unless Defendants' said misappropriation is enjoined by this

13 | Court, Plaintiff will continue to suffer a risk of irreparable harm.

14 |     61.    On information and belief, Defendants' said misappropriation has

15 | been knowing, intentional, wanton, and willful, entitling Plaintiff to treble

16 | damages, profits, attorneys fees, and costs.

17 | **SEVENTH CLAIM FOR RELIEF**

18 | (Conversion)

19 |     62.    Plaintiff incorporates by reference all of the above paragraphs of this

20 | Complaint as though fully stated herein.

21 |     63.    Plaintiff is the rightful owner of his personal "life rights," known in

22 | the entertainment industry as the rights to a celebrity's cooperation in depicting his

23 | life or portions of his life.  "Life rights" are an important property that can yield a

24 | large commercial benefit to its owner, akin to a copyright, and can constitute the

25 | subject of negotiable instruments.

26 |     64.    On information and belief, in promising to divulge alleged facts and in

27 | divulging alleged facts about Plaintiff's life without Plaintiff's authorization,

28 | Defendants have wrongfully applied Plaintiff's "life rights" to their own use.  On

-11-

1  information and belief, Defendants intended to exercise dominion or control over

2  Plaintiff's "life rights" which is inconsistent with the Plaintiff's rights thereto.

3      65.    On information and belief, Defendants' conveyance of information,

4  true or untrue, regarding Plaintiff's life substantially alters, damages, and/or

5  destroys the value of Plaintiff's "life rights."

6      66.    As a result of Defendants' conversion of Plaintiff's "life rights,"

7  Plaintiff has been injured in an amount not yet fully determined, but to be proven

8  at trial.  The damage suffered by Plaintiff includes without limitation damage to

9  reputation, personal feelings, and loss of publicity value.  In the alternative,

10 Plaintiff is entitled to statutory damages under Cal. Civ. Code § 3344(a).

11     67.    On information and belief, said conversion has been knowing, inten-

12 tional, wanton, and willful, entitling Plaintiff to treble damages, profits, and costs.

13 **EIGHTH CLAIM FOR RELIEF**

14 (Intrusion)

15     68.    Plaintiff incorporates by reference all of the above paragraphs of this

16 Complaint as though fully stated herein.

17     69.    Plaintiff has a right to be free from intrusion into his private affairs.

18     70.    On information and belief, Defendants intend and/or intended to

19 intrude into Plaintiff's private affairs.

20     71.    On information and belief, Defendants have subjected or intend to

21 subject Plaintiff to unwarranted and undesired publicity by penetrating Plaintiff's

22 zone of privacy surrounding Plaintiff's private relationship with his Minor Child

23 and Plaintiff's private home life and broadcasting the details on national television.

24     72.    Plaintiff did not consent to Defendants' intrusion, which was and is

25 highly offensive to a reasonable person.

26     73.    Defendants' intrusion into Plaintiff's private relationship with his

27 Minor Child and Plaintiff's private home life is not justified by any legitimate

28 motives, such as news gathering.

74.     As a result of Defendants' intrusion, Plaintiff has been injured in an amount not yet fully determined, an injury that includes compensatory as well as emotional distress damages, together which are believed to exceed $75,000, exclusive of interest and costs, to be proven at trial.

75.     As a result of Defendants' intrusion, Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law with respect to this injury.  Unless Defendants' intrusion is enjoined by this Court, Plaintiff will continue to suffer a risk of irreparable harm.

76.     On information and belief, Defendants' intrusion has been knowing, intentional, wanton, and willful, entitling Plaintiff to punitive damages, profits, attorneys fees, and costs.

## NINTH CLAIM FOR RELIEF

### (Public Disclosure of Private Facts)

77.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78.     On information and belief, through the show "Basketball Wives," Defendants have publicly disclosed and/or will publicly disclose private facts, intimate details of Plaintiff's private life, including without limitation details regarding Plaintiff's personal, paternal, and romantic relationships that are outside the realm of legitimate public interest.  Plaintiff has not consented to such disclosure, and such private facts are or may be highly offensive to a reasonable person.

79.     As a result of Defendants' public disclosure, Plaintiff has been injured in an amount not yet fully determined, but believed to exceed $75,000, exclusive of interest and costs, to be proven at trial.

80.     As a result of Defendants' continuous public disclosure through the pendency of the show, Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law with respect to this injury.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

81.    Unless Defendants' intrusion is enjoined by this Court, Plaintiff will continue to suffer a risk of irreparable harm.

82.    On information and belief, Defendants' public disclosure has been knowing, intentional, wanton, and willful, entitling Plaintiff to punitive damages, profits, attorneys fees, and costs.

## TENTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*)

83.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84.    Defendants' acts described above as to their trademark infringement, trademark dilution, false advertising, false endorsement, misappropriation of likeness and right of publicity, conversion, intrusion, and public disclosure of private facts constitute unlawful, unfair, and/or fraudulent business practices in violation of Section 17200 *et seq.* of the California Business and Professions Code.

85.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and will continue to suffer irreparable injury.  Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

86.    By reason of such wrongful acts, Plaintiff is also entitled to disgorge Defendants from their wrongfully obtained such profits and benefits in an amount to conform to proof at trial.

## ELEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

87.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88.    Defendants received substantial monetary, promotional, and reputational benefit from its use of Plaintiff's trademarks and life rights and misleading consumers to believe that Plaintiff endorses Defendants' work.

-14-

89.     The benefits that Defendants reaped were at Plaintiff's expense, and to use Plaintiff's property and reputation without Plaintiff's consent constitutes wrongful conduct.

90.     Plaintiff is therefore entitled to restitution of the benefits received, retained, and/or misappropriated by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.     For all compensatory, special, punitive/treble, and statutory damages allowed by law according to proof;

2.     For disgorgement of Defendants' profits acquired by their wrongful acts;

3.     For a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, and all persons acting for or on behalf of Defendants from infringing on Plaintiff's Trademarks;

4.     For a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, and all persons acting for or on behalf of Defendants from diluting Plaintiff's Trademarks;

5.     For a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, and all persons acting for or on behalf of Defendants from falsely advertising Defendant MATHIS's involvement with the "Basketball Wives" reality show;

6.     For a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, and all persons acting for or on behalf of

Defendants from falsely suggesting that Plaintiff endorses the "Basketball Wives" reality show;

7. For a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, and all persons acting for or on behalf of Defendants from misappropriating Plaintiff's name and/or likeness;

8. For a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, and all persons acting for or on behalf of Defendants from intruding upon Plaintiff's private life;

9. For a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, and all persons acting for or on behalf of Defendants from misappropriating Plaintiff's name and/or likeness;

10. For a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, and all persons acting for or on behalf of Defendants from publicly disclosing details regarding Plaintiff's private life;

11. For reasonable attorney's fees and costs of suit herein; and

12. For such other and further relief as the court may deem proper.

Dated: April 27, 2011

Respectfully submitted,
GORDON & REES LLP

by _____
Richard P. Sybert
Yuo-Fong C. Amato
C. Anthony Mulrain
Attorneys for Plaintiff
CHRISTOPHER W. BOSH

-16-

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs demand a trial by jury for all claims triable by a jury.

3

4    Dated: April 27, 2011                                   Respectfully submitted,
                                                             GORDON & REES LLP
5

6

7                                              by   _____

8                                                   Richard P. Sybert
                                                    Yuo-Fong C. Amato
9                                                   C. Anthony Mulrain
                                                    Attorneys for Plaintiff
10                                                  CHRISTOPHER W. BOSH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CBOS/1068188/9696118v.1

COMPLAINT AND DEMAND FOR JURY TRIAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 3782 DMG (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Central District of California

| | | |
|---|---|---|
| CHRISTOPHER W. BOSH, an individual | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| SHED MEDIA US INC., a Delaware corporation; and | ) | **CV11-03782** DMG (PJWx) |
| ALLISON M. MATHIS, | ) | |
| an individual; and DOES 1 through 10, inclusive, | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    Shed Media US Inc.
    National Corporate Research, Ltd.
    523 W 6th Street, Suite 544
    Los Angeles, CA 90014

    Allison M. Mathis 1408 Whitney Isles Dr, Windermere, FL 34786
    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    C. Anthony Mulrain
    Richard P. Sybert
    Yuo-Fong Amato
    Gordon & Rees LLP
    101 West Broadway, Suite 1600
    San Diego, CA 92101, Tel: 619-696-6700, Fax: 619-696-7124
    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

MAY – 2 2011

CLERK OF COURT
JULIE PRADO   SEAL

Date: _____

_____
*Signature of Clerk or Deputy Clerk*


American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS – Shed Media Us Inc., a Delaware corporation; and |
|---|---|
| Christopher W. Bosh, and individual | Allison M. Mathis, and individual; and Does 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| C. Anthony Mulrain, Richard P. Sybert<br>Yuo-Fong C. Amato<br>101 West Broadway, Suite 1600<br>San Diego, CA 92101<br>Tel: 619-696-6700 Fax 619-696-7124 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 75,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C.§ 1125

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV11- 03782

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Texas – Christopher W. Bosh |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles - Shed Media US Inc. | Florida - Allison M. Mathis |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *[signature]*          Date  May 2, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com