Conal Doyle, Cal Bar # 227554
Jared Pitt, Cal Bar # 271984
WILLOUGHBY DOYLE LLP
433 North Camden Drive, Suite 730
Beverly Hills, CA 90210
ph: 310.385.0567
fax: 510.842.1496
conal@willoughbydoyle.com

Attorneys for Defendant
ALLISON MATHIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER W. BOSH,<br><br>Plaintiff,<br><br>vs.<br><br>ALLISON MATHIS, an individual; et al.<br><br>Defendants | Case No.: CV11 03782<br><br>DEFENDANT ALLISON MATHIS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2)<br><br>Hearing Date: July 25, 2011<br><br>Time: 9:30 a.m.<br><br>Court: The Honorable Dolly M. Gee |

## I.   INTRODUCTION

Defendant Allison Mathis ("Mathis"), a resident of the State of Florida, moves to dismiss this action for lack of personal jurisdiction because she has had

1

insufficient contacts with the State of California to provide this court with jurisdiction over her person. Nor can plaintiff, NBA star Christopher Bosh, establish that assertion of jurisdiction over Mathis would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For these, and other reasons set forth in greater detail below, this Court should dismiss this action for lack of personal jurisdiction.

Bosh cannot establish personal jurisdiction over Mathis because she has had virtually no contacts with the State of California whatsoever. Mathis is not domiciled in California, does not reside here, does not own or lease property here, does not do business here, does not maintain offices here, does not maintain bank accounts here, and otherwise has no contact with the State of California.[1]

Consequently, Mathis has not availed herself of this forum and haling her into this Court, located completely across the geographic map of the United States from where she lives, would offend constitutional principles of due process.

Alternatively, this court should dismiss this case under the doctrine of *forum non conveniens* as *both* parties to the lawsuit –Bosh and Mathis – are Florida residents, and requiring Mathis to litigate in California would create a substantial hardship.

Accordingly, the Court should dismiss this action.

---

[1] Mathis' only arguable contact with this forum is that she entered into an agreement *in Florida to work in Florida* with a company, Shed Media, that has offices in California. Bosh is not a party to this contract, is not in privity of contract with Mathis (or Shed), and is himself a resident of Florida and/or Texas. Shed was originally a party to this action, but has since been dismissed, leaving only two parties: Bosh and Mathis – both residents of another state.

## II. FACTUAL BACKGROUND

Plaintiff Chris Bosh is a very wealthy professional basketball player, earning more than $14 million per year, who plays for the NBA franchise Miami Heat. (Declaration of Allison Mathis ("Mathis Decl.")) Allison Mathis is the mother of Bosh's only child, and the two are currently engaged in child support and custody proceedings in the States of Texas, Maryland and Florida. (Mathis Decl.)

Bosh and Mathis previously lived together in the State of Texas, where he bought a home in the names of "Chris and Allison Bosh, husband and wife." Bosh subsequently abandoned Mathis in that state when she was seven months pregnant, and left her alone, without money or transportation and no way to provide for herself. (Mathis Decl.)

Mathis left the State of Texas to live with her mother in Maryland, and subsequently relocated to Florida, where she now lives. To provide for herself pending resolution of the various support and custody matters that are ongoing, Mathis decided to take a job with former Defendant Shed Media. (Mathis Decl.) Shed Media is the producer of a TV reality series entitled *Basketball Wives*, and just prior to the filing of this lawsuit by Plaintiff Bosh, Mathis was hired by Shed to appear as a participant on the program. (Complaint; Mathis Decl.).

Mathis entered into an agreement with Shed Media in the State of Florida. She was advised that filming of series episodes in which she would participate would take place in Florida. The 2 or 3 episodes she appeared in were filmed in the State of Florida. (Mathis Decl.) Fearing that Mathis might publicly disclose the facts of their estrangement and of his treatment of her during her pregnancy, which would cause him considerable embarrassment and possible loss of some of

his fan base, Plaintiff Bosh sought to silence her and keep from appearing on the program by suing her and Defendant Shed. (Complaint).

After this suit was filed, Shed stopped filming of Mathis, although filming of the series episodes continued without her. Since this suit was filed, Bosh settled with Defendant Shed Media. (Mathis Decl.) As a direct result of the actions of Plaintiff Bosh, Mathis is currently unemployed and without foreseeable means of supporting herself and her minor child. (Mathis Decl.)

Mathis is not domiciled in California, does not reside here, does not own or lease property here, does not do business here, does not maintain offices here, does not maintain bank accounts here. (Mathis Decl.)

## III. ARGUMENT AND AUTHORITY

### A. Bosh Cannot Meet the Standard For Establishing Jurisdiction.

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of proving the existence of personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). He must make a prima facie showing of those jurisdictional facts in order to defeat a motion to dismiss. *Davis v. American Family Mut. Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir.1988). See also *Data Disc, Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

To make that showing Plaintiff has to produce admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. See

*WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989). Accordingly, Bosh must prove that Mathis purposefully established certain "minimum contacts" with California and that the assertion of jurisdiction over Mathis in California would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1496 (5th Cir. 1993).

Bosh, however, has not alleged that Mathis purposefully established any "minimum contacts" with California, nor does he allege that his asking this Court to assert jurisdiction over her far away from her state of residence would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316.

Bosh has failed to make *any* factual allegations that would support jurisdiction over Mathis in California. He concedes that she is a Florida resident, and does not allege that she has ever been to California. (Complaint, ¶ 12) Mathis is not domiciled in California, does not reside here, does not own or lease property here, does not do business here, does not maintain offices here, and does not maintain bank accounts here. (Declaration of Allison Mathis "Mathis Decl."). As set forth in greater detail below, the fact that Shed Media approached Mathis in Florida, and Shed and Mathis agreed that Mathis would film *Basketball Wives* in Florida, does not confer personal jurisdiction on this court.

### B. Mathis' Agreement to Film *Basketball Wives* in Florida Does Not Establish That She Purposefully Availed Herself of the Privileges of Conducting Business in California.

Nothing in Plaintiff's complaint charges Mathis with "purposefully directing" any activities at California, such that his suit against her in this forum results from any injuries "arising out of or relating to" anything done here. This failure is fatal to his claim of jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). See also *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Compare *Keeton v. Hustler Magazine, Inc.*, 465 U. S. 770, 774 (1984).

The only factual allegations in the Complaint that arguably relate to this forum are that "SHED MEDIA sought Defendant MATHIS' participation in its show "Basketball Wives…" (Complaint, ¶ 15). However, the complaint does not, and cannot establish that Mathis sought out this relationship, or that any performance under the contract was undertaken in California. The undisputed evidence is that the agreement was made in Florida and all performance by Mathis was to be done in Florida. Moreover, Bosh was not a party to the contract between Shed and Mathis and there is no claim for breach of contract in this case. The fact that Shed may have a claim that Mathis consented to jurisdiction in California over any disputes between Shed and Mathis does not mean that Mathis is amenable to suit in California on a third party claim by Bosh.

### C. This Case Should Be Dismissed Because California is a *Forum Non Conveniens*.

Alternatively, this action should be dismissed on the grounds that California is a *forum non conveniens*. Both Bosh and Mathis - the only parties remaining in this

suit - reside in Florida. Therefore, Florida is an adequate alternative forum, and the balance of public and private interests weighs in favor of having the action heard— if it should be heard at all-- in the courts of that state. Plaintiff is a wealthy professional basketball player who earns in excess of $10,000,000 per year who is more than capable of suing and sustaining litigation in any jurisdiction within the nation. He is employed by the Miami Heat, an NBA franchise based in Miami, Florida. He maintains a residence in Florida and due to the length of the NBA season, resides in Florida for the vast majority of the year. Therefore, litigating this case in Florida would obviously provide no hardship to him whatsoever.

Mathis, on the other hand, is a person of minimal resources, has no present employment as Shed Media terminated her employment after this suit was filed, and would be oppressively burdened by having to litigate in California. Undersigned counsel is representing Mathis *pro bono* for the limited purpose of filing and arguing this Motion to Dismiss, but Mathis does not have the means to retain counsel if this motion is not granted. (Declaration of Conal Doyle). However, Mathis does have a relationship with counsel in Florida and may be able to defend that suit there.[2]

Accordingly, the burden on Mathis litigating this matter in California is substantial while the burden on Bosh litigating in Florida is virtually non-existent, and this court should therefore dismiss the complaint. See *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir.1983). The district courts in Florida are fully capable of hearing and resolving any justiciable issues framed by Plaintiff's complaint. An

---

[2] The cost of hiring competent counsel in Los Angeles is at least 50% more than the cost of hiring similarly experienced counsel in central Florida. (Doyle Decl.)

alternative forum for the hearing of this case clearly exists and is more convenient for *both* parties.

The private and public interests involved in this matter favor trial in Florida. To the extent Defendant Shed Media is a potential witness, its continuing presence in Florida (filming ongoing episodes of the TV series) makes is amenable to local process. Should it be necessary to view the affected premises (filming location), it exists only in Florida. The parties reside in Florida. All the "practical problems that make trial of a case easy, expeditious and inexpensive" are best worked out by having this matter heard in the State of Florida. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), superseded by statute on other grounds as recognized in *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F.Supp. 317 (S.D.Miss.1989). See also *Rosa, supra,* 211 F.3d at 512; *Nebenzahl v. Credit Suisse,* 705 F.2d 1139, 1140 (9th Cir.1983).

The most critical public interest factors involved in this matter are 1) the unfairness of burdening citizens in an unrelated forum with jury duty; and (2) the interest in having localized controversies decided at home. *Gulf Oil, supra,* 330 U.S. at 508-09, 67 S.Ct. 839; *Rosa, supra,* 211 F.3d at 512. At bottom, this case is a dispute between Florida residents about alleged invasion of privacy and related torts that allegedly occurred on Florida soil. To date, Bosh's attempts to thwart Mathis' First Amendment rights to participate in *Basketball Wives* have been successful. Her employment has been terminated, and no footage of her filming has been broadcast. Any connection to California is premised on broadcast of her image from a California studio. This has not happened and apparently will not. Therefore, Florida is the only state that has any interest in deciding this

controversy and California jurors (and judges) should not be burdened by having to resolve this controversy between two non-resident litigants.

Requiring Mathis to litigate this matter in California, given her inability to afford legal representation here, would be nearly tantamount to guaranteeing entry of default judgment against her. These "exceptional circumstances" warrant dismissal on *forum non conveniens* grounds. See *Ioannidis/Riga v. M/V Sea Concert*, 132 F.Supp.2d 847, 861 (D.Or.2001); *Magellan Real Estate Investment Trust v. Losch*, 109 F.Supp.2d 1144, 1148 (D.Ariz. 2000).

WHEREFORE, Defendant Allison Mathis respectfully request this Court dismiss this action with prejudice for lack of personal jurisdiction, or in the alternative, dismiss under the doctrine of *forum non conveniens*.

DATED this 20th day of June, 2011.

/s/ Conal Doyle
By: _____
CONAL DOYLE
Attorney for Defendant
ALLISON MATHIS