Conal Doyle, Cal Bar # 227554
Jared Pitt, Cal Bar #271894
WILLOUGHBY DOYLE LLP
433 North Camden Drive, Suite 730
Beverly Hills, CA 90210
ph: 310.385.0567
fax: 510.842.1496
conal@willoughbydoyle.com

Attorneys for Defendant
ALLISON MATHIS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER W. BOSH,

    Plaintiff,

vs.

SHED MEDIA US INC., a Delaware Corporation; and ALLISON MATHIS, an individual; et al.

    Defendants

Case No.: CV11 03782

**DEFENDANT ALLISON MATHIS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Hearing Date: August 8, 2011
Hearing Time: 9:30 a.m.
Hearing Location: Courtroom 7
Honorable Dolly M. Gee

i

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................1

STATEMENT OF FACTS............................................................................................2
    I.    The Complaint................................................................................................2
    II.   Undisputed Admissible Evidence.................................................................2
    III.  The Declaration of Bosh's Attorney
           You-Gong C. Amato.....................................................................................3
    IV.  Bosh's Factual Background Statement........................................................3

STANDARD OF REVIEW...........................................................................................4

LEGAL ARGUMENT ...................................................................................................4
    I.    Bosh has not presented any admissible evidence that
        satisfies the standard for establishing personal
        jurisdiction over Mathis................................................................................4

        A.    Bosh fails to establish the first prong of the
               Schwarzenegger test: that Mathis purposefully
               directed activities toward California ...........................................5

        B.    Bosh fails to establish the second prong of the
               Schwarzenegger test: that his claims arise
               out of Mathis' California related activities..................................6

        C.    Exercising personal jurisdiction over Mathis is
               unreasonable...................................................................................7

        D.    Conclusion......................................................................................8

    II.   Bosh has not established that Mathis has consented
        to jurisdiction in California...........................................................................8

        A.    Bosh's argument that Mathis has consented
               to jurisdiction is based on inadmissible evidence
               and should not be considered.........................................................8

## TABLE OF CONTENTS (cont'd)

B. Bosh cannot enforce the forum selection clause because he was not a party or a transaction participant, and is not closely related to a contracted party..................................................................10

C. Assuming arguendo that Bosh has the power to enforce the clause against Mathis, Bosh would still be barred from enforcement because he has only alleged tort claims...........................................11

III. Alternatively, this court should transfer this case to the United States District Court, Middle District of Florida based on forum non conveniens..............................................12

CONCLUSION..................................................................13

## TABLE OF AUTHORITIES

Cases                                                                                          Page(s)

Allstar Marketing Group, LLC v. Your Store Online, LLC,
    666 F.Supp.2d 1109 (C.D.Cal. 2009) .............................................................12

Ballard v. Savage,
    65 F.3d 1495 (9th Cir. 1995).............................................................................4

Bancroft & Masters, Inc. v. Augusta National Inc.,
    223 F.3d 1082 (9th Cir. 2000).........................................................................6

Britton v. Liebling,
    4 F.3d 742 (9th Cir. 1993)..............................................................................10

Calder v. Jones,
    465 U.S. 783 (1984).........................................................................................5

Core-Vent Corp. v. Nobel Industries, A.B.,
    11 F.3d 1482 (9th Cir. 1993)............................................................................7

Glenn K. Jackson Inc. v. Roe,
    273 F.3d 1192 (9th Cir. 2001).........................................................................5

Gulf Oil Corp. v. Gilbert,
    330 U.S. 501 (1947).......................................................................................13

Holland Am. Line, Inc. v. Wartsila N. Am., Inc,
    485 F.3d 450 (9th Cir. 2007)..........................................................................10

Manetti-Farrow, Inc. v. Gucci America, Inc.,
    858 F.2d 509 (9th Cir. 1988)..........................................................................11

Myers-Armstrong v. Actavis Totowa, LLC,
    382 Fed.Appx. 545 (9th Cir. 2010)..................................................................5

Polar Bear Productions, Inc. v. Timex Corp.,
    384 F.3d 700 (9th Cir. 2004)...........................................................................5

## TABLE OF AUTHORITIES (cont'd)

Cases (cont'd)                                                                                     Page(s)

*Roberts v. Synergistic Int'l, LLC,*
    676 F. Supp.2d 934 (E.D. Cal. 2009)..................................................................4

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004).................................................................4,5,6,7

*Turner v. Thorworks Industries, Inc.,*
    2006 U.S.Dist. LEXIS 21668, *9-11 (E.D.Cal. Mar. 28, 2006)....................10

*U.S v. Dibble,*
    429 F.2d 598 (9th Cir. 1970).................................................................................9

Statutes and Rules

28 U.S.C. §1404...........................................................................................................1,12
Fed.R.Evid. 602...................................................................................................................8
Fed.R.Evid. 802...................................................................................................................8

# INTRODUCTION

In deciding Allison Mathis' motion to dismiss, the Court must decide the following straightforward questions:

- **Personal Jurisdiction.** The Ninth Circuit test to establish personal jurisdiction over a non-resident tortfeasor in California requires that the tortfeasor: (1) commit an intentional act; (2) expressly aimed at California; (3) causing harm the tortfeasor knew was likely to occur in California. NBA star Christopher Bosh, a non-California resident, alleges that Allison Mathis, a Florida resident, committed eleven torts aimed at Bosh while they both lived and worked in Florida. Does this court have jurisdiction over Mathis?

- **Enforceability of Forum Selection Clause.** A third party can enforce a contractual forum selection clause only if the third party is a transaction participant or closely related to a party. Bosh attempts to enforce a forum selection clause in a performer agreement between Shed Media and Mathis – an agreement to which Bosh was not a party. Bosh has no relationship with Shed. His only relationship with Mathis is as a litigant in contentious custody disputes over their minor child. Should the court apply the forum selection clause against Mathis?

- **Admissibility of the Shed-Mathis Agreement.** To make a writing admissible, foundation must be laid through the testimony of a witness with personal knowledge of the identity of the document, the execution of the document, and its delivery. Bosh attempts to authenticate a purported contract between Shed and Mathis through the declaration of his attorney, who has no personal knowledge of the requisite foundational facts. Is the contract admissible?

- **Forum Non Conveniens.** In the interest of justice, a court has broad power under 28 U.S.C. §1404 to transfer a case to another federal district where

1

venue is proper. Here, the parties are residents of Florida, the cost of adjudicating the claims in California is overly oppressive for Mathis, many of the witnesses are in Florida, the alleged tortious conduct occurred in Florida, and venue is proper in Florida. Should the court transfer the case to a Florida district court?

## STATEMENT OF FACTS

### I. The Complaint.

Bosh's complaint against Mathis consists of eleven causes of action sounding in tort, and no breach of contract claims. (Complaint, p. 1, 4-15). The alleged torts result from Mathis' engagement to be an actress on Shed Media's Florida-based *Basketball Wives* television show. (Complaint, ¶¶ 10-19). The complaint does not allege that Mathis ever appeared on *Basketball Wives*, or that she has actually made any statement about Bosh whatsoever in connection with this employment. *Id.* Nowhere in the ninety paragraph complaint does Bosh allege that Mathis has had any contact with the State of California, other than the allegation that Shed Media, a Delaware Corporation, with its principal place of business in Los Angeles, "sought her participation" in *Basketball Wives*. *Id.* at ¶ 3, 15. Bosh alleges that Mathis is a Florida resident, and that he is a resident of Texas. *Id.* at ¶ 2, 4. However, Bosh also alleges that he is "one of the most renowned players in the NBA" and plays for the NBA team Miami Heat, which is located in Miami, Florida. *Id.* at ¶ 10.

### II. Undisputed Admissible Evidence

The only admissible evidence presented by either party is the uncontradicted declaration of Allison Mathis. The Mathis declaration establishes that she is a Florida resident, and that all of her actions related to *Basketball Wives* occurred in

2

Florida. Mathis Decl., ¶¶ 6,7,8. She otherwise has no contact with the State of California whatsoever. *Id.* at ¶ 13-20.

The Mathis declaration also establishes that Bosh was a Florida resident who lived and was employed to play professional basketball in Miami, Florida, earning $16 million per year. *Id.* at 2, 14. Bosh has not challenged these factual assertions via his own declaration in opposition to Mathis' motion to dismiss.

### III. The Declaration of Bosh's Attorney You-Gong C. Amato

The only evidence presented in opposition to Mathis' motion is the declaration of Bosh's attorney, You-Gong C. Amato. This declaration consists of nine exhibits, seven of them print-outs from various websites, including gossip columns from TMZ and VH-1, and five year old purported on-line profiles of Mathis. Amato Decl., Exh B-H. One exhibit is from a Florida lawsuit pending between the parties, and another is from another lawsuit filed in California by another NBA player (Gilbert Arenas) against Shed. Amato Decl. Exh A, I.

Exhibit A to the Amato declaration purports to contain an unexecuted- and unauthenticated-contract between Shed and Mathis. As set forth in Mathis' evidentiary objections, this and most of the rest of the exhibits are inadmissible evidence. See Mathis Evidentiary Objections.

### IV. Bosh's Factual Background Statement

Bosh's Statement of the Facts relies primarily on speculative innuendo from inadmissible articles written on gossip blogs like TMZ and VH-1, and five year old on-line profiles of Mathis that have not been authenticated. Bosh Opposition, p. 2-4. Bosh also relies heavily on a "Forum Selection Clause" that appears in an unexecuted and unauthenticated Performer Agreement between Shed and Mathis attached as Exhibit A to the Amato declaration.

For example, Bosh alleges that Mathis "*appears* to be" an aspiring actress; "it is *unclear* whether [Mathis]...relocated to Florida primarily to improve her chances of being cast...[in *Basketball Wives*]; admits that "Defendant has *no*

3

*knowledge* as to where the casting interviews were conducted," but suggests that Mathis "*may* have traveled to Los Angeles during the three rounds of casting interviews for Basketball Wives." Bosh Opposition, p. 2-3, 5.

## STANDARD OF REVIEW

Bosh concedes that he has the burden of making a *prima facie* showing of facts sufficient to establish jurisdiction. He concedes that this must be done through admissible evidence, and that only uncontroverted allegations of the complaint are accepted as true. Bosh Opposition, p. 4 (citing *Ballard v. Savage*, 65 F.3d 1495, 1498(9th Cir. 1995) and *Roberts v. Synergistic Int'l, LLC*, 676 F. Supp.2d 934, 940-941 (E.D. Cal. 2009)). As explained in greater detail below, Bosh fails to carry his burden as even the uncontroverted allegations of the complaint fail to establish any meaningful connection between Mathis and California.

## LEGAL ARGUMENT

### I. Bosh has not presented any admissible evidence that satisfies the standard for establishing personal jurisdiction over Mathis

To establish specific jurisdiction over Mathis, Bosh must satisfy the following three-prong test: (1) Mathis purposefully directed activities or consummated a transaction with the forum or forum resident; or purposefully availed herself the privilege of conducting activities in the forum (2) Bosh's claim arises out of these forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802-803 (9th Cir. 2004). (California courts did not have personal jurisdiction over an Ohio defendant because his tortious conduct was not directed at California). As explained in greater detail below, Bosh has the burden of proving the first two prongs, which he

is unable to do. *Id.* Assuming *arguendo* that Bosh could carry his burden, it would be unreasonable to exercise jurisdiction over Mathis.[1]

### A. Bosh fails to establish the first prong of the *Schwarzenegger* test: that Mathis purposefully directed activities toward California.

The first prong of the *Schwarzenegger* test requires Bosh to show that Mathis purposefully *directed* her conduct toward California *not* purposefully *availed* herself of the privilege of conducting activities in California. *Id.* (contra Bosh Opposition, p. 5). This is a distinction with a difference. The Ninth Circuit has established a higher standard -purposeful direction- for establishing jurisdiction over claims sounding in tort, as opposed to contract. *Id.* Bosh incorrectly asserts that this court must apply the purposeful availment test, which applies to causes of action sounding in contract. *Id.*; Bosh Opposition, p. 5.[2]

To establish purposeful direction, Bosh must satisfy the Ninth Circuit's three-part "effects" test, which is modeled on the Supreme Court's test in *Calder v. Jones*, 465 U.S. 783 (1984), by demonstrating that (1) Mathis committed an intentional act, (2) expressly aimed at the forum state, and (3) which caused harm that she knew would likely be suffered in the forum state. *Id.* at 803. Bosh cannot satisfy this heightened test, because even if he prevails on the underlying merits of

---

[1] Bosh concedes that he does not have sufficient evidence to establish general jurisdiction over Mathis. (Pl. Oppo., pgs. 4-11)

[2] The Ninth Circuit has held that trademark causes of action sound in tort for purposes of determining jurisdiction. *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 720 (9th Cir. 2004). (Bosh's first four causes of action) Additionally, the Ninth Circuit has held that there is no cause of action for unjust enrichment in California. *Myers-Armstrong v. Actavis Totowa, LLC*, 382 Fed.Appx. 545, 548 (9th Cir. 2010) (Bosh's eleventh cause of action). The remainder of Bosh's claims are common law or statutory tort claims (claims 5-9), and his § 17200 claim (tenth cause of action) is a "statutory tort." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001).

all his claims, he would only establish that Mathis intentionally harmed a resident of Florida or Texas.

The Ninth Circuit requires that Bosh show wrongful conduct individually targeting a known forum resident to satisfy the "express aiming" prong of the *Calder* test. *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (California court had jurisdiction over out-of-state defendant because wrongful acts were directed at a California resident).

Because Bosh has never been a California resident-and hasn't established that he has any contacts here- Mathis's alleged acts could not have been "expressly aimed" at a California resident, nor could Bosh establish that Mathis knew that Bosh would suffer harm in California. The fact that Bosh is not a California resident is fatal to his claim.

### B. Bosh fails to establish the second prong of the *Schwarzenegger* test: that his claims arise out of Mathis' California related activities.

Bosh must also establish that his claims "arise out of Mathis's forum related activities." *Schwarzenegger*, 374 F.3d 797, 802-803. He cannot do so because it is undisputed that Mathis conducted no activities in California. All of her alleged tortious acts occurred in Florida.

Bosh is so bold as to suggest that he meets this test because *Basketball Wives* is aimed at national audiences, including California residents. Bosh Opposition, p. 6. Under these lights, Mathis has subjected herself to personal jurisdiction in any state in the union, or anywhere else in the world where *Basketball Wives* is broadcast. Aside from the fact that she was terminated from *Basketball Wives*, and her image has never been broadcast, this type of argument for personal jurisdiction was ridiculed by the Ninth Circuit in *Schwarzenneger*:

> Fred Martin is an automobile dealership incorporated under the laws of Ohio and located in Barberton, Ohio, a few miles southwest of Akron. There is no

evidence in the record that Fred Martin has any operations or employees in California, has ever advertised in California, or has ever sold a car to anyone in California. Fred Martin maintains an Internet website that is available for viewing in California and, for that matter, from any Internet café in Istanbul, Bangkok, or anywhere else in the world. *Id.* at 799.

In *Schwarzenneger*, the court declined to exercise jurisdiction over Martin, recognizing that the mere fact that a defendant could foresee that its conduct could have an effect in the forum state is insufficient to establish specific personal jurisdiction. *Id.* at 804-805. Bosh's argument for jurisdiction is much less compelling here.

### C. Exercising personal jurisdiction over Mathis is unreasonable.

To determine whether jurisdiction over Mathis is reasonable, the court must analyze seven factors: 1) the extent of defendant's purposeful interjection into the forum state; 2) the burden on defendant of defending in the chosen forum; 3) the extent of conflict with the sovereignty of defendant's state; 4) the forum state's interest in adjudicating the dispute; 5) the most efficient forum for judicial resolution of the dispute; 6) the importance of the forum to plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Industries, A.B.*, 11 F.3d 1482, 1487 (9th Cir. 1993).

None of Bosh's arguments overcome the fact that:

(1) As explained above, Mathis has not directed activities toward California.

(2) Defending this action from across the United States, with minimal resources, against a professional athlete earning $16 million per year, is unduly burdensome on Mathis.

(3) California has no interest in adjudicating an action between two non-California residents.

7

(4) California is no more an efficient judicial forum for resolution than Florida: both parties reside in and all of the alleged tortious conduct occurred in Florida.

(5) California is not important to Bosh's interest in convenient and effective relief. He resides in Florida and has no connection to California.

(6) Florida is not only an alternative forum, but a much more suitable forum for this dispute.

### D. Conclusion

The court does not have personal jurisdiction over Mathis because Bosh has failed to establish that Mathis purposefully directed conduct toward a California resident, knowing that harm would likely result in California. And haling Mathis into a California court is unreasonable when no California residents are involved in the case and all of the acts arose in Florida.

## II. Bosh has not established that Mathis has consented to jurisdiction in California.

### A. Bosh's argument that Mathis has consented to jurisdiction is based on inadmissible evidence and should not be considered.

Bosh argues that a forum selection clause contained in a writing attached to the declaration of his attorney establishes that Mathis has consented to the jurisdiction of this court. Bosh Opposition, p. 11-14; Amato Decl., Exh A. This writing is inadmissible because it was authenticated by Bosh's attorney, who lacks the personal knowledge -required by Fed.R.Evid. 602- to authenticate the contract. Additionally, the contract constitutes inadmissible hearsay. Fed.R.Evid. 802.

A declarant who tries to offer a contract into evidence simply by attaching it to a declaration lacks the necessary personal knowledge to authenticate the alleged contract, because a writing cannot be authenticated simply by attaching it to an

affidavit. *U.S v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970). To make a writing admissible, foundation must be laid through the testimony of a witness with personal knowledge of the identity of the document, the execution of the document, and its delivery. *Id.* To authenticate a contract the affiant must somehow demonstrate how he knows the document to be a correct copy of a genuine contract. *Id*

In *Dibble*, the United States attempted to eject Dibble, a sub-lessee, from government land. *Id.* at 600. The United States claimed that they had a contractual right to do so. *Id.* To demonstrate this right, the United States attached a multitude of exhibits, including the purported contract, to an affidavit. *Id.* The court found the contract inadmissible due to lack of foundation because the affiant had failed to establish how he knew that the document was a true and correct copy of a genuine contract. *Id.* at 602.

Here, Amato's declaration states "Attached hereto as Exhibit A is a true and correct copy of the complaint filed in *Mathis v. Bosh*, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division, Case No. 2011-CA-7139" (Amato Decl. ¶ 2). Contained within Exhibit A is the alleged contract between Shed Media and Mathis. But nowhere does Amato lay the foundation for how she knows the alleged contract is a genuine copy. Additionally, Amato's declaration lacks any evidence establishing personal knowledge of the identity of the document or execution of the document. Further, execution of the document is not self evident, as the document only contains one of the parties' signatures. (*see* Exhibit A, Contract page 9 of 16). Therefore, Amato's declaration fails to provide the necessary foundation to authenticate the contract found within Exhibit A, and it is thus inadmissible for purposes of this motion.

Additionally, the contract is inadmissible hearsay because it constitutes an out-of-court statement being offered for the truth of the matter asserted. Specifically, Bosh is offering the contract as proof that Mathis and Shed Media

9

agreed to the forum selection clause found in clause 19 of the contract. (*see* Exhibit A, Contract page 16 of 16). As such, the writing should not be considered.

### B. Assuming *arguendo* that Mathis is subject to the forum selection clause, Bosh cannot enforce it against her because he was not a party to the contract or a transaction participant, and is not closely related to a party.

As a general matter, a non-party, or nonsignatory, to a contract cannot invoke a contractual right contained in the agreement, including a forum selection clause. *Turner v. Thorworks Industries, Inc.*, 2006 U.S. Dist LEXIS 21668 (citing *Britton v. Co-op Banking Group*, 4 F.3d 742, 744 (9th Cir. 1993)).

Bosh has not established that he is subject to any exception to this rule. His reliance on *Holland Am. Line, Inc. v. Wartsila N. Am., Inc*, 485 F.3d 450, 456 (9th Cir. 2007), is misplaced. The holding of *Holland* was narrow, and merely established that a non-party was subject to a forum selection clause where the non-party was a corporate subsidiary of a party to the contract. *Id.* No such facts exist here.

Bosh does not allege that he is a third-party beneficiary, corporate officer, subsidiary or parent corporation, or successor in interest to either Shed or Mathis such that he would have a colorable argument to enforce a forum selection clause between those parties. Bosh has no relationship with Shed and his only relationship with Mathis is as a litigant in contentious custody disputes over their minor child. Bosh therefore does not even have a colorable argument to enforce the forum selection clause allegedly at issue here.[3]

---

[3] For this reason, allowing Bosh to conduct discovery to attempt to authenticate the performer agreement would be pointless. Even if he could authenticate it, he can never enforce it against Mathis. Bosh has failed to provide the "colorable" showing of jurisdiction that would permit the Court to allow jurisdictional discovery. See Bosh Opposition, p. 18-19. In any event, the court should not

Bosh's argument that Mathis' filing "compulsory counterclaims" in Florida state court equitably estops her "from avoiding the mandatory forum selection clause" is similarly misplaced. Bosh Opposition, 13. Mathis is not estopped because Bosh, a non-signatory, never had the type of relationship with the contracted parties that permits equitable estoppel to apply. In *Turner v. Thorworks Industries, Inc.*, the court held that a non-signatory party could estop the plaintiff from avoiding the forum selection clause because the plaintiff was relying on the contract for his claims, and the defendant had purchased the company from a contracted party. 2006 U.S.Dist. LEXIS 21668, *9-11 (E.D.Cal. Mar. 28, 2006). This close relationship between the defendant and the previous owner of the company was what estopped the plaintiff from avoiding the forum selection clause. *Id.* Here, unlike the defendant in Turner, Bosh does not have this close relationship to Mathis or Shed Media. In fact, Bosh has no relationship with Shed Media and his only relationship with Mathis is as a litigant in contentious custody disputes over their minor child. Therefore, the doctrine of equitable estoppel does not apply to Mathis and she can avoid the forum selection clause.

### C. Assuming *arguendo* that Bosh has the power to enforce the clause against Mathis, Bosh would still be barred from enforcement because he has only alleged tort claims.

As a general rule, a forum selection clause only applies to tort claims if resolution of the claims relates to interpretation of the contract. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (where tort claims were covered by the forum selection clause because the adjudication of the torts necessitated interpreting pricing terms in a contract)., Bosh's tort claims do not require interpretation of the contract. His complaint cites no provision in the alleged contract that requires interpretation by a court. His allegations stem from

---

exercise its discretion to permit jurisdictional discovery here, it would just present another burden for Mathis, who does not have the means to pay for such litigation.

*Basketball Wives* providing a platform for Mathis to commit torts against him. (Complaint, ¶ 13-16).

### III. Alternatively, this court should transfer this case to the United States District Court, Middle District of Florida based on *forum non conveniens*.

In the interest of justice, a court has broad power pursuant to 28 U.S.C. §1404 to transfer a case to another federal district where venue is proper. 28 U.S.C. § 1404(a). Here, Bosh's choice of venue is both unreasonable and overly burdensome to Mathis. Thus, should the court decide to deny Mathis' motion to dismiss, she respectively asks the court to use its broad power under 28 U.S.C. § 1404 to transfer the lawsuit to a Florida District Court - a proper venue where both Bosh and Mathis are residents.

In deciding to transfer due to forum non conveniens, courts balance the following factors: 1) the plaintiff's choice of forum; 2) the convenience of the parties; 3) the convenience of the witnesses; 4) the location of the evidence: 5) which forum's law applies; 6) the interest of justice: and 7) administrative considerations. *Id.* Additionally, when balancing these factors, courts may also consider the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, and the difference in costs of litigation in the two forums. *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1130 (C.D.Cal. 2009). (Transfer was denied because a concrete amount of sales of goods could be demonstrated to have taken place in California).

A plaintiff is provided with less deference for his choice of forum when the plaintiff elects to pursue his case outside of his home forum as Bosh did here. *Allstar*, F.Supp.2d at 1131. Additionally, "…[a] plaintiff may not, by choice of an inconvenient forum, 'vex', 'harrass', or 'oppress' the defendant by inflicting upon

expense or trouble not necessary to his own right to pursue his remedy." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

Bosh has selected a forum that is inconvenient, oppressive, and overly expensive to Mathis. Mathis is a person of minimal resources and has no present employment. Bosh earns $16 million per year.

Florida is a convenient location for both Mathis and Bosh, as they both live there. Florida is where the alleged tortious conduct occurred, and the majority of evidence and witnesses are located there. When all of these factors are balanced, the interest of justice calls for transfer of this case to a Florida district court..[4]

## CONCLUSION

The outcome of this motion rests on three major issues:
- Does the court have personal jurisdiction over Mathis?
- Is the forum selection clause in the contract between Mathis and Shed Media admissible and enforceable by Bosh?
- In the interest of justice should this court transfer the case to a Florida district court?

The answer to each of these issues falls in Mathis' favor. Bosh has failed to establish that Mathis purposefully directed tortious conduct toward a California resident. And Bosh has been unable to show that he has any power to enforce the forum selection clause. Finally, due to the nonexistent contacts with California, the convenience for both parties to adjudicate the case in Florida, and Mathis' inability to effectively defend the case in Los Angeles, a transfer to a Florida district court

---

[4] Bosh's request for transfer to Texas instead of Florida defeats the purpose behind forum non conveniens. Were the case transferred to Texas many of the same monetary problems would exist. Additionally, transferring to Texas would mean evidence and witnesses would have to travel from Florida to Texas if the case went to trial.

would serve the interest of justice.

Therefore, Mathis respectively requests that the court grant her 12(b)(2) motion or, in the alternative, transfer the case to the United States District Court for the Middle District of Florida.

Dated: July 25, 2011

By: /s/ Conal Doyle
    CONAL DOYLE